UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE MORRIS,

        Petitioner,           Case 2:22-cv-12535
                                                    Hon. Nancy G. Edmunds

v.

CHIRS KING,

        Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 12), AND (2) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. In 2011, Jimmie Lee Morris was convicted after a jury trial in the Macomb Circuit Court of armed robbery, carrying a weapon with unlawful intent, and felonious assault. He was sentenced as a fourth-time habitual felony offender to 31-51 years' imprisonment. Morris's habeas petition raises eleven claims challenging his conviction and sentence.

Before the Court is Respondent's motion to dismiss, asserting the habeas petition was untimely filed under 28 U.S.C. § 2244(d). (ECF No. 12.) Morris filed a motion for equitable tolling and supporting affidavit, arguing that he is entitled to equitable tolling due to his medical condition. (ECF Nos. 3 and 4.)

I.

Following sentencing on November 14, 2011, Morris filed a direct appeal, raising what now form his habeas claims. The Michigan Court of Appeals issued an unpublished opinion affirming the conviction and sentence. *People v. Morris*, No. 308221, 2014 WL 2880225 (Mich. Ct. App. Jun. 24, 2014). Morris then filed an application for leave to appeal in the Michigan Supreme Court. But on March 3, 2015, relief was denied by standard form order. *People v. Morris*, 859 N.W.2d 695 (Mich. 2015)(Table). Morris did not pursue collateral review in the state courts.

On August 14, 2022, over seven years after he completed state court review, Morris signed and dated his federal habeas petition, and it was filed by the Clerk on October 21, 2022.

II.

Though Respondent styles the motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. *See Anderson v. Place*, 2017 WL 1549763, *6 (E.D. Mich. May 1, 2017). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This standard of review may

be applied to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III.

There is a one-year statute of limitation for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the most common starting point, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Morris's judgment became final on direct review when the time for filing a petition for certiorari in the U.S. Supreme Court expired on June 1, 2015, ninety days after the Michigan Supreme Court denied relief. *Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012). The statute of limitations started running the next day, and it expired one year later on June 1, 2016. Under this section the petition was submitted more than six years late on August 14, 2022.

There are three alternative starting dates for the statute of limitations. *See* § 2244(d)(1)(B)-(D). None of them apply to Morris's petition. He does not allege a state impediment to filing his petition. He does not allege the violation of a newly recognized constitutional right. And his claims do not rely on newly available facts.

The petition was therefore untimely filed unless Morris can demonstrate entitlement to equitable tolling. Federal courts may equitably toll the limitations period where exceptional circumstances are present. *Holland v. Florida*, 560 U.S.

631, 651-52 (2010). To be entitled to equitable tolling, a habeas petitioner must demonstrate a causal link between the extraordinary circumstance and the untimely filing. *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010).

A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling should be applied "sparingly," *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), and decided on a "case-by-case basis," *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Morris's motion for equitable tolling and his affidavit assert that he has suffered from Parkinson's-like symptoms for the past five years. (ECF No. 4, PageID.57-58.) He experiences shaking of the hands and legs, weakness, scribbled writing, blurred vision, dizziness, and memory loss. (*Id.*) Morris was seen by MDOC medical staff on April 29, 2019, for his symptoms. The medical records indicate that he presented with a complaint of a tremor in his right hand and leg, and was finally prompted to seek care because he had dropped his food tray. (*Id.*, PageID.61-62.) Morris was prescribed medication, but his medical provider's request for an MRI was denied because there was no current medical necessity. (*Id.*)

Mere allegations of a medical condition or diagnosis, by itself, does not establish a basis for equitable tolling. The party must prove that the condition prevented him from handling his own affairs. *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004); *see Ata v. Scutt*, 662 F.3d 736, 741-42 (6th Cir. 2011); *Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his [or her] legal rights during the limitations period.")

Morris indicates that he has experienced his medical symptoms for the past five years. Because the petition was filed over six years after the period expired, he therefore does not allege grounds for equitable tolling for the year during which the statute of limitations was running nor for the year after it expired. Even setting that two-year opportunity to file aside, Morris fails to indicate with particularity why his symptoms actually prevented him from preparing his petition earlier than he did. To initiate this action, Morris was only required to fill out a preprinted form. While his symptoms no doubt made that task more difficult, Morris has not sufficiently pled facts to explain why he was completely unable to submit a form petition for over six years. He has not alleged extraordinary circumstance justifying six years of equitable tolling.

Moreover, the fact that Morris may be personally uneducated and untrained in the law does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr.*

*Inst.*, 673 F.3d 452, 464 (6th Cir. 2012)(*pro se* status is not an extraordinary circumstance); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)(illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Finally, a credible claim of actual innocence may also equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). Morris does not attempt to demonstrate entitlement to equitable tolling by way of a claim of innocence.

Accordingly, because the habeas petition was filed after expiration of the statute of limitations, and because Morris fails to demonstrate entitlement to equitable tolling, the motion to dismiss will be granted.

IV.

After a federal Court denies a habeas petition, it must determine whether the habeas petitioner is entitled to a certificate of appealability. Here, jurists of reason would not debate the Court's conclusion that the petition is subject to dismissal under the statute of limitations or that he fails to demonstrate entitlement to equitable tolling. Morris is therefore not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

V.

For these reasons, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

                                                 s/ Nancy G. Edmunds
                                                 Hon. Nancy G. Edmunds
                                                 United States District Judge

Dated: June 15, 2023